1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                      FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    THOMAS JOSEPH MELGER,                    Case No.  2:23-cv-00603-JDP (PC)

10                   Plaintiff,               ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
11        v.

12   GAVIN NEWSOM, *et al.*,

13                   Defendants.

14

15

16

17

18

19        Plaintiff has filed a complaint, ECF No. 1, and a request to proceed *in forma pauperis*,

20   ECF No. 2.  He is, however, a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g).

21   He has, in other words, filed three cases that have been dismissed for failure to state a claim.

22   Plaintiff was identified as a three-striker in *Melger v. Sacramento Sheriff Department*, No. 2:21-

23   cv-01611-WBS-AC, at ECF Nos. 5 & 8.[1]  Plaintiff might still be eligible to proceed *in forma*

24   *pauperis* if his complaint made a showing of imminent physical danger.  The allegations in his

25   _____

26        [1] In that case, Judge Claire found that plaintiff had filed three cases dismissed for failure
     to state a claim: (1) *Melger v. Wesp*, Case No. 2:16-cv-01103-KJN (E.D. Cal.); (2) *Melger v.*
27   *Obama*, Case No. 2:16-cv-01527-AC (E.D. Cal.); and (3) *Melger v. Becerra*, Case No. 2:18-cv-
     03264-WBS-CKD (E.D. Cal.).  Here recommendations were adopted by Judge Shubb.  ECF No.
28   8.

                                              1

complaint are inadequate to make this showing.

Plaintiff alleges that his rights were violated when, in March 2022, he attempted to set up a tent on private property and was told to leave.  ECF No. 1 at 3-4.  Some time later, he went to Placer County Health and Human Services to apply for welfare, but found that he was eligible only for two hundred dollars a month in rent assistance—not enough to get an apartment.  *Id.* at 4. These allegations, taken as true, do not establish that plaintiff is in imminent danger of physical harm.

Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, be DENIED and plaintiff be directed to tender the filing fee within thirty days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __June 1, 2023__                        _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE

2